The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
CHRISTIAN KELLY

**DEFENDANTS**
PILOT FREIGHT SERVICES AND BRIAN GRANT

**(b)** County of Residence of First Listed Plaintiff: Wallingford
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: Delaware
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Brian M. Doyle- Law Offices of Eric A. Shore
1500 JFK Blvd, Suite 1240
Philadelphia, PA 19102

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [x] 3 Federal Question (U.S. Government Not a Party)
- [ ] 2 U.S. Government Defendant
- [ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [x] 1 | [ ] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [x] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

**CONTRACT**
- [ ] 110 Insurance
- [ ] 120 Marine
- [ ] 130 Miller Act
- [ ] 140 Negotiable Instrument
- [ ] 150 Recovery of Overpayment & Enforcement of Judgment
- [ ] 151 Medicare Act
- [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- [ ] 153 Recovery of Overpayment of Veteran's Benefits
- [ ] 160 Stockholders' Suits
- [ ] 190 Other Contract
- [ ] 195 Contract Product Liability
- [ ] 196 Franchise

**REAL PROPERTY**
- [ ] 210 Land Condemnation
- [ ] 220 Foreclosure
- [ ] 230 Rent Lease & Ejectment
- [ ] 240 Torts to Land
- [ ] 245 Tort Product Liability
- [ ] 290 All Other Real Property

**TORTS**
PERSONAL INJURY
- [ ] 310 Airplane
- [ ] 315 Airplane Product Liability
- [ ] 320 Assault, Libel & Slander
- [ ] 330 Federal Employers' Liability
- [ ] 340 Marine
- [ ] 345 Marine Product Liability
- [ ] 350 Motor Vehicle
- [ ] 355 Motor Vehicle Product Liability
- [ ] 360 Other Personal Injury
- [ ] 362 Personal Injury - Medical Malpractice

**CIVIL RIGHTS**
- [ ] 440 Other Civil Rights
- [ ] 441 Voting
- [ ] 442 Employment
- [ ] 443 Housing/ Accommodations
- [x] 445 Amer. w/Disabilities - Employment
- [ ] 446 Amer. w/Disabilities - Other
- [ ] 448 Education

PERSONAL INJURY
- [ ] 365 Personal Injury - Product Liability
- [ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- [ ] 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- [ ] 370 Other Fraud
- [ ] 371 Truth in Lending
- [ ] 380 Other Personal Property Damage
- [ ] 385 Property Damage Product Liability

**PRISONER PETITIONS**
Habeas Corpus:
- [ ] 463 Alien Detainee
- [ ] 510 Motions to Vacate Sentence
- [ ] 530 General
- [ ] 535 Death Penalty
Other:
- [ ] 540 Mandamus & Other
- [ ] 550 Civil Rights
- [ ] 555 Prison Condition
- [ ] 560 Civil Detainee - Conditions of Confinement

**FORFEITURE/PENALTY**
- [ ] 625 Drug Related Seizure of Property 21 USC 881
- [ ] 690 Other

**LABOR**
- [ ] 710 Fair Labor Standards Act
- [ ] 720 Labor/Management Relations
- [ ] 740 Railway Labor Act
- [ ] 751 Family and Medical Leave Act
- [ ] 790 Other Labor Litigation
- [ ] 791 Employee Retirement Income Security Act

**IMMIGRATION**
- [ ] 462 Naturalization Application
- [ ] 465 Other Immigration Actions

**BANKRUPTCY**
- [ ] 422 Appeal 28 USC 158
- [ ] 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- [ ] 820 Copyrights
- [ ] 830 Patent
- [ ] 835 Patent - Abbreviated New Drug Application
- [ ] 840 Trademark
- [ ] 880 Defend Trade Secrets Act of 2016

**SOCIAL SECURITY**
- [ ] 861 HIA (1395ff)
- [ ] 862 Black Lung (923)
- [ ] 863 DIWC/DIWW (405(g))
- [ ] 864 SSID Title XVI
- [ ] 865 RSI (405(g))

**FEDERAL TAX SUITS**
- [ ] 870 Taxes (U.S. Plaintiff or Defendant)
- [ ] 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- [ ] 375 False Claims Act
- [ ] 376 Qui Tam (31 USC 3729(a))
- [ ] 400 State Reapportionment
- [ ] 410 Antitrust
- [ ] 430 Banks and Banking
- [ ] 450 Commerce
- [ ] 460 Deportation
- [ ] 470 Racketeer Influenced and Corrupt Organizations
- [ ] 480 Consumer Credit (15 USC 1681 or 1692)
- [ ] 485 Telephone Consumer Protection Act
- [ ] 490 Cable/Sat TV
- [ ] 850 Securities/Commodities/ Exchange
- [ ] 890 Other Statutory Actions
- [ ] 891 Agricultural Acts
- [ ] 893 Environmental Matters
- [ ] 895 Freedom of Information Act
- [ ] 896 Arbitration
- [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- [ ] 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*
- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42 U.S.C. §12101, et seq.
Brief description of cause:
Americans with Disabilities Act Disparate Treatment

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: [x] Yes [ ] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____ DOCKET NUMBER _____

DATE: 9/13/2021

SIGNATURE OF ATTORNEY OF RECORD: *[signature]*

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

## INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

I.(a) **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

 (b) **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

 (c) **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

II. **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked**.** (See Section III below**; NOTE: federal question actions take precedence over diversity cases.**)

III. **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

IV. **Nature of Suit.** Place an "X" in the appropriate box. If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable. Click here for: Nature of Suit Code Descriptions.

V. **Origin.** Place an "X" in one of the seven boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File. (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.** Origin Code 7 was used for historical records and is no longer relevant due to changes in statue.

VI. **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service.

VII. **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

VIII. **Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**DESIGNATION FORM**
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: 625 West Wiltshire Drive, Wallingford PA 19086

Address of Defendant: 2 Braxton Way, Suite 400, Glenn Mills PA 19342

Place of Accident, Incident or Transaction: 2 Braxton Way, Suite 400, Glenn Mills PA 19342

---

**RELATED CASE, IF ANY:**

Case Number: _____   Judge: _____   Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?   Yes [ ]   No [X]

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?   Yes [ ]   No [X]

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?   Yes [ ]   No [X]

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?   Yes [ ]   No [X]

I certify that, to my knowledge, the within case [ ] is / [X] is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 9/13/2021   _____ (Attorney-at-Law / Pro Se Plaintiff)   319475 PA (Attorney I.D. # (if applicable))

---

**CIVIL:** (Place a √ in one category only)

A. **Federal Question Cases:**
1. [ ] Indemnity Contract, Marine Contract, and All Other Contracts
2. [ ] FELA
3. [ ] Jones Act-Personal Injury
4. [ ] Antitrust
5. [ ] Patent
6. [ ] Labor-Management Relations
7. [X] Civil Rights
8. [ ] Habeas Corpus
9. [ ] Securities Act(s) Cases
10. [ ] Social Security Review Cases
11. [ ] All other Federal Question Cases
   (Please specify): _____

B. **Diversity Jurisdiction Cases:**
1. [ ] Insurance Contract and Other Contracts
2. [ ] Airplane Personal Injury
3. [ ] Assault, Defamation
4. [ ] Marine Personal Injury
5. [ ] Motor Vehicle Personal Injury
6. [ ] Other Personal Injury (Please specify): _____
7. [ ] Products Liability
8. [ ] Products Liability – Asbestos
9. [ ] All other Diversity Cases
   (Please specify): _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, Brian M. Doyle, counsel of record *or* pro se plaintiff, do hereby certify:

[X] Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

[ ] Relief other than monetary damages is sought.

DATE: 9/13/2021   _____ (Attorney-at-Law / Pro Se Plaintiff)   319475 PA (Attorney I.D. # (if applicable))

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

Civ. 609 (5/2018)

**IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF PENNSYLVANIA**

**CASE MANAGEMENT TRACK DESIGNATION FORM**

| | | | |
|---|---|---|---|
| CHRISTIAN KELLY | v. | PILOT FREIGHT SERVICES AND BRIAN GRANT | CIVIL ACTION<br><br>NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.)  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.        ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.        ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.        ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.        ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)        ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.        (x )

| | | |
|---|---|---|
| 9/13/2021 | _[signature]_ | Plaintiff |
| **Date** | **Attorney-at-law** | **Attorney for** |
| 215-944-6113 | 215-944-6124 | BrianD@ericshore.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

**(Civ. 660) 10/02**

# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CHRISTIAN KELLY<br>625 West Wiltshire Dr.<br>Wallingford, PA 19086 | :<br>:<br>:<br>: |
| Plaintiff, | :     JURY DEMANDED<br>: |
| v. | :<br>: |
| PILOT FREIGHT SERVICES<br>2 Braxton Way, Suite 400<br>Glenn Mills, PA 19342 | :     No.<br>:<br>:<br>: |
| & | :<br>: |
| BRIAN GRANT<br>2 Braxton Way, Suite 400<br>Glenn Mills, PA 19342 | :<br>:<br>:<br>: |
| Defendants | : |

## CIVIL ACTION COMPLAINT

And now Plaintiff, Christian Kelly, by and through his undersigned counsel, files this Complaint alleging that his rights, pursuant to the Americans with Disabilities Act and its 2008 amendments ("ADA"), 42 U.S.C. § 12101 *et seq*., the Family and Medical Leave Act ("FMLA") of 1993, 29 U.S.C. § 2601 *et seq*.; and the Pennsylvania Human Relations Act ("PHRA"), 43 P.S. § 955 *et esq*., have been violated and avers as follows:

## PARTIES

A. The Plaintiff

1. Plaintiff, Christian Kelly ("Kelly") is an adult individual residing in Delaware County at 625 West Wiltshire Drive, Wallingford, PA 19086.

1

B. <u>The Defendants</u>

2.Defendant, Pilot Freight Service, ("Pilot") is a Pennsylvania corporation with a headquarters in Delaware County located at 2 Braxton Way, Suite 400, Glenn Mills, PA 19342.

3.Defendant, Brian Grant ("Grant"), is Pilot's Chief Financial Operator. Grant maintains a regular place of business at 2 Braxton Way, Suite 400, Glenn Mills, PA 19342.

3.Pilot was Kelly's employer from April 2017 until his unlawful termination on or about July 2, 2021.

4.At all times, Pilot met the definition of "employer" under the ADA, the FMLA, and the PHRA.

5.At all times, Grant is subject to Family and Medical Leave Act ("FMLA") liability as he exercised supervisory authority over Kelly and was responsible for the violation of Kelly's FMLA rights while acting in Pilot's interest.

JURISDICTION AND VENUE

6.This Complaint alleges retaliation and discrimination on the basis Kelly's association with a disabled family member, in violation of the Americans with Disability Act, as amended, 42 U.S.C. § 12101, *et seq*. ("ADA"); interference and retaliation with Kelly's rights in violation of the Family and Medical Leave Act, as amended, 29 U.S.C. § 2601, *et seq*. ("FMLA"); and pendent state law claims arising under the provisions of the laws of the Commonwealth of Pennsylvania, to wit, the Pennsylvania Human Relations Act, as amended, 43 P.S. § 951, *et seq*. ("PHRA").

7.Declaratory relief is sought pursuant to 28 U.S.C. §§ 2201 and 2202.

8.This Honorable Court has jurisdiction of this matter, case and controversy pursuant to 28 U.S.C. §§ 1331, 1343(a)(4) and 42 U.S.C. § 2000e-5(f).

9.      Additionally, pursuant to 28 U.S.C. §1367, this Court has Supplemental jurisdiction to hear all of Kelly's claims arising under the Pennsylvania Human Rights Act ("PHRA").

10.     Venue is proper in the Eastern District of Pennsylvania pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to these claims occurred in this Judicial District.

ADMINISTRATIVE PROCEEDINGS

11.     On August 12, 2021, Kelly filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"), which was docketed as EEOC Charge No. 530-2021-04578, alleging discrimination, retaliation and wrongful discharge from his employment due to the actions of Pilot, and dual filed with the Pennsylvania Human Relations Commission ("PHRC").

12.     Kelly has been advised of his individual right to bring a civil action by receiving a Notice of Rights from the EEOC, dated August 21, 2021 (attached as "Exhibit A").

13.     Kelly has exhausted the administrative remedies available to him, and all necessary and appropriate administrative prerequisites to the filing of this Complaint have occurred and been satisfied.

OPERATIVE FACTS

14.     Pilot hired Kelly as a Call Center Representative in April 2017 to work at its offices located at 2 Braxton Way, Suite 400, Glenn Mills, PA 19342.

15.     At all times Kelly provided exceptional service to Pilot. Due to his consummate work performance, Pilot promoted Kelly on two occasions.

16. As of September 2019, Kelly was working on Pilot's behalf as a Claims Supervisor.

17. In August 2020, Kelly's wife Jaime gave birth prematurely.

18. Following her pregnancy, Jaime began experiencing significant post-partum depression.

19. Over the following months, Jaime's condition deteriorated. In order to treat her post-partum depression, Jaime began seeking treatment with an intensive outpatient therapy program. This program required Jaime to attend counseling sessions on a full-time basis.

20. Kelly began using unused paid time-off in order to care for his ailing wife and newborn child.

21. Kelly's working relationship with Pilot changed suddenly in March 2021. In March 2021, Defendant Chief Financial Officer Brian Grant ("Grant") became Kelly's immediate supervisor.

22. On or about April 6, 2021 Kelly met with Grant. During this meeting, Grant told Kelly that he would no longer be promoted to the position of Claims Manager. Grant explicitly told Kelly that "your wife's condition is not a recipe for success at this company."

23. On or about April 8, 2021 Grant called Kelly and berated him for not being available for work after ordinary hours.

24. On April 12, 2021 Kelly requested that Pilot provided him with the necessary paperwork to apply for medical leave in accordance with Pilot's Family and Medical Leave Act ("FMLA") procedures.

25. On April 27, Pilot approved Kelly for ten (10) weeks of medical leave so that he could care for his wife and son.

26. Upon learning that Kelly would be using FMLA leave, Grant immediately blocked Kelly's access to Pilot's computer systems and online databases.

27. Kelly returned from FMLA leave on July 1, 2021.

28. When Kelly reported to work on July 1, 2021, he was instructed to meet with Grant. During this meeting, Grant informed Kelly that Pilot terminated his employment.

29. When Kelly asked Grant why he was being terminated, Grant told him that he was being terminated because he was "unreliable."

30. Defendants' explanation for Kelly's termination is merely pretext.

## CAUSES OF ACTION

### COUNT I
### AMERICANS WITH DISABILITIES ACT
### DISPARATE TREATMENT

*Plaintiff v. Pilot Freight Services*

31. Kelly incorporates all the preceding paragraphs as if they were set forth at length herein.

32. Kelly is a qualified employee and person within the definition of Americans with Disabilities Act of 1990, 42 U.S.C. §12101, *et seq*.

33. Pilot is an "employer" and thereby subject to the strictures of the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, *et seq*.

34. Based on the foregoing, Kelly alleges that Defendant violated the ADA by terminating his employment due to his association with his disabled wife.

35. Pilot's conduct in terminating Kelly is an adverse action, was taken as a result of his association with his wife and constitutes a violation of the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, *et seq*.

36. Pilot's Defendant's conduct caused Kelly to sustain significant damages, including but not limited to: great economic loss, future lost earning capacity, lost opportunity, loss of future wages, loss of front pay, loss of back pay, loss of tips as well as emotional distress, mental anguish, humiliation, pain and suffering, consequential damages and Kelly has also sustained work loss, loss of opportunity, and a permanent diminution of his earning power and capacity and a claim is made therefore.

37. Pilot prays that Defendant be required to provide all appropriate remedies available under the ADA.

38. As a result of the conduct of Pilot's owners/management, Kelly hereby demands punitive damages.

39. Pursuant to the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, *et seq*. Kelly demands attorneys fees and court costs.

## COUNT II
## VIOLATION OF THE FAMILY MEDICAL LEAVE ACT
## INTERFERENCE

*Plaintiff v. Defendants*

40. Kelly incorporates the preceding paragraphs as if set forth more fully at length herein.

41. As set forth above, Kelly was entitled to medical leave pursuant to the FMLA, 29 U.S.C. §2601, *et seq*.

42. Kelly was qualified to take FMLA leave as he had been employed by Defendant for at least 12 months, and had at least 1,250 hours of service during the previous 12-month period.

43. Kelly's wife had a "serious health condition" that required "continuing treatment by a health care provider." 29 U.S.C. § 2611(11).

44. At all times Defendants knew, or should have known, of Kelly's need for FMLA leave in order to care for his wife's serious medical condition.

45. As described above, Defendants interfered with, restrained and denied Kelly's exercise and/or attempts to exercise his rights under the Family and Medical Leave Act.

46. As a proximate result of Defendants' conduct, Kelly sustained significant damages, including but not limited to: great economic loss, future lost earning capacity, lost opportunity, loss of future wages, loss of front pay, and loss of back pay, and Kelly has also sustained work loss, loss of opportunity, and a permanent diminution of his earning power and capacity and a claim is made therefore.

47. As a result of the conduct of Defendants' owners/management, Kelly hereby demands liquidated damages.

48. Pursuant to the Family and Medical Leave Act of 1993, 29 U.S.C. §2601, *et seq* Kelly demands attorney's fees and court costs.

## COUNT III
## VIOLATION OF THE FAMILY MEDICAL LEAVE ACT
## RETALIATION

*Pilot v. Defendants*

49. Kelly incorporates all the preceding paragraphs as if they were set forth at length herein.

50. Pursuant to 29 U.S.C. § 2611(2)(A) and 29 U.S.C. § 2612(a)(1)(C) Kelly was eligible for Family and Medical Leave Act Leave.

51. At all times material, Defendants knew, or should have known, of Kelly's need

7

for FMLA leave medical leave due to his wife's serious medical condition.

52. Kelly gave Defendants sufficient information to allow them to understand that he needed leave for FMLA-qualifying reasons.

53. Nonetheless, Defendants terminated Kelly.

54. Defendants' motivation for terminating Kelly was causally connected to Kelly's request for leave under FMLA-qualifying reasons.

55. Defendants acted in bad faith by retaliating against Kelly in violation of the FMLA.

56. As a direct and proximate result of Defendants' discharge of Kelly, Kelly is and was deprived economic and non-economic benefits resulting from Defendants' willful and/or non-willful actions including but not limited to: loss of back pay, loss of increase in salary, loss of benefits preceding Kelly's filing of the lawsuit, cost of providing care, and double liquidated damages under the FMLA for violations not made in good faith.

57. Kelly demands judgment against Defendants for all available equitable relief including, but not limited to: reinstatement to job position, full restoration of all leave and health benefits, to which Kelly was entitled, and any additional unpaid leave up to the maximum permitted by the FMLA including but not limited to doubling the damages proven inclusive of all wages, salary, employment benefits or other compensation denied or lost.

58. Kelly further demands favorable judgment against Defendants for all interest on the monetary benefits calculated at the prevailing rate, an additional amount equal to those sums, as liquidated damages under §107(a), fees and costs including the allowance of reasonable attorneys' fees, expert witness fees and other costs of the action against Defendants and such other orders and further relief as may be necessary and appropriate to effectuate the objectives of

the FMLA.

## COUNT V
## VIOLATION of the PENNSYLVANIA HUMAN RELATIONS ACT

*Plaintiff v. Pilot Freight Services*

59. Kelly incorporates all the preceding paragraphs as if they were set forth at length herein.

60. Based on the foregoing, Kelly alleges that Pilot violated the Pennsylvania Human Relations Act ("PHRA") by subjecting him to discrimination on the basis of his association with his disabled wife.

61. Pilot's conduct caused Kelly to sustain significant damages, including but not limited to: great economic loss, future lost earning capacity, lost opportunity, loss of future wages, loss of front pay, loss of back pay, loss of tips as well as emotional distress, mental anguish, humiliation, pain and suffering, consequential damages and Kelly has also sustained work loss, loss of opportunity, and a permanent diminution of his earning power and capacity and a claim is made therefore.

62. Pursuant to the Pennsylvania Human Relations Act, 43 P.S. § 951, *et seq.* Kelly demands attorneys' fees and court costs.

WHEREFORE, Plaintiff Christian Kelly demands judgment in his favor and against Defendants in an amount in excess of $150,000.00 together with:

A. Reinstatement of position with a comparable salary and benefits including, medical, vacation and sick time, in addition to any other associated employee benefits to which he may be entitled.

B. Compensatory damages, including but not limited to: back pay, front pay, past lost wages, future lost wages, lost pay increases, lost pay incentives, lost opportunity, lost benefits, lost future earning capacity, injury to reputation, mental and emotional distress, pain and suffering;

C. Punitive damages;

D. Attorneys fees and costs of suit;

E. Interest, delay damages; and,

F. Any other further relief this Court deems just proper and equitable.

LAW OFFICES OF ERIC A. SHORE, P.C.

BY:    /s/ Brian M. Doyle (PA Id. 319475)
BRIAN M. DOYLE, ESQ.
Two Penn Center
1500 JFK Boulevard, Suite 1240
Philadelphia, PA 19102
*Attorney for Plaintiff*

Date: 9/13/2021

## **VERIFICATION**

I hereby verify that the statements contained in this complaint are true and correct to the best of my knowledge, information and belief. I understand that false statements herein are made subject to the penalties of 18 P.A.C.S **§** 4904, relating to unsworn falsification to authorities.

09/13/2021
_____
Date

*Christian Kelly* (electronically signed 2021-09-13 17:57:06 UTC - 71.185.243.23)
Christian Kelly

# EXHIBIT A

EEOC Form 161-B (11/2020)     **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## NOTICE OF RIGHT TO SUE *(ISSUED ON REQUEST)*

| | |
|---|---|
| **To:** Christian Kelly<br>625 W. Wiltshire Drive<br>Wallingford, PA 19086 | **From:** Philadelphia District Office<br>801 Market Street<br>Suite 1000<br>Philadelphia, PA 19107 |

[ ] *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 530-2021-04578 | Legal Unit,<br>Legal Technician | (267) 589-9707 |

*(See also the additional information enclosed with this form.)*

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA **must be filed in a federal or state court WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

[ ] More than 180 days have passed since the filing of this charge.

[X] Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

[X] The EEOC is terminating its processing of this charge.

[ ] The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

[ ] The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court WITHIN 90 DAYS of your receipt of this Notice.** Otherwise, your right to sue based on the above-numbered charge will be lost.

[ ] The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

*Dana R. Hutter* (signature)

08/21/2021

Enclosures(s)     **Dana R. Hutter,**<br>**Deputy Director**     *(Date Issued)*

cc:

| | |
|---|---|
| **Chris Ashiotes, Esq.**<br>VP, General Counsel, Secretary & Global Compliance Officer<br>**PILOT FREIGHT SERVICES**<br>2 Braxton Way<br>Suite 400<br>Glen Mills, PA 19342 | **Brian M. Doyle, Esq.**<br>**LAW OFFICES OF ERIC A SHORE**<br>1500 JFK Blvd<br>Suite 1240<br>Philadelphia, PA 19102 |